KELLY, Appellant, *v.* MONTANA POWER CO., Respondent.

(No. 8,036.)

(Submitted September 26, 1940. Decided October 16, 1940.)

[106 Pac. (2d) 339.]

*Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Appellant, submitted a brief; *Mr. Acher* argued the cause orally.

*Messrs. W. H. Hoover, John V. Dwyer, J. T. Finlen, Jr.,* and *W. M. Kirkpatrick,* for Respondent, submitted a brief; *Mr. Finlen* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff appeals from a judgment entered against him after a trial without a jury.

The sole question in this case is whether an employer who ▉ has entered into a hospital contract pursuant to the Workmen's Compensation Act (especially sections 2907 and 2917, Rev. Codes) for supplying hospital, medical and surgical care to all employees assenting thereto, may be forced by such employee to furnish him such care by other than the contracting hospital physician or surgeon, for appendicitis occurring during the employment. No question of an industrial accident is presented.

The complaint alleged that in consideration of an assessment of $1 per month, deducted from his wages, the defendant had contracted to furnish him care for injuries resulting from an illness occurring during his employment. The answer alleged that the defendant had entered into a hospital contract with a doctor pursuant to the Workmen's Compensation Act, and that the plaintiff had made written agreement to accept the benefits and burdens thereof. No other contract was proven.

By the hospital contract the physician agreed to furnish the care and defendant agreed only to deduct from the wages of each assenting employee and pay to the physician the monthly $1 assessment. By the agreement between plaintiff and defendant, the plaintiff agreed to accept the benefits of the hospital contract and authorized defendant to deduct and pay the assessments to the contract physician, and the defendant agreed to deduct and pay over the same.

Plaintiff developed appendicitis during his employment and received hospitalization, an appendicitis operation and other care under defendant's hospital contract. The incision did not

heal promptly after the operation and plaintiff demanded further care, not from the contracting physician but from defendant, although plaintiff did not claim that the treatment furnished under the contract was unsatisfactory or inadequate or that treatment was refused him by the contracting physician, and insisted that he did not refuse further treatment by the contract doctor. He testified that defendant refused to furnish any further care, but the evidence showed without dispute that the contract care was available to plaintiff without application to defendant, and that what defendant refused was care outside of the hospital contract.

Plaintiff's employment was intermittent and he contended that in the period of employment in which the illness occurred (March and April, 1937) he did not elect to adopt the hospital contract. But if not it is clear that he is entitled to no hospital, medical or surgical care except for industrial accidents. (Sec. 2917, Rev. Codes.) However, the evidence showed that in November and December, 1936, he signed written agreements to come within the hospital contract, that during all of his employment the $1 per month assessment was deducted from his wages and paid to the contracting doctor, and that plaintiff accepted care under the contract for the illness in question, including the appendicitis operation and hospitalization.

The trial court found in its findings of fact that the hospital contract was made and that plaintiff elected to come within the same and appellant does not challenge the findings. The court made conclusions of law that the plaintiff was entitled to hospital, medical and surgical care from the contracting physician, and that the defendant was not obligated to furnish other care. Judgment was entered accordingly.

Appellant raises no questions of fact, but only questions of law. The specifications of error are that the court erred in ordering and rendering judgment for defendant and in deciding that the defendant was not obligated to furnish plaintiff such care outside of the hospital contract, that by virtue of the hospital contract defendant was relieved from such liability, and that the remedies afforded plaintiff by the Workmen's

Compensation Act in the premises were exclusive. It is not necessary to consider the last two specifications.

There is no contention that the care demanded in this case comes within the specialized treatment provided for by section 2907, or the treatment provided for by section 2917 where the contract facilities are inadequate, and no application was made to the Industrial Accident Board for either statutory remedy.

Plaintiff cites voluminous authority to prove the undisputed point that one may not by a contract relieve oneself of a legal duty. But he points to no legal duty of an employer to furnish medical or other treatment, except under the Workmen's Compensation Act for industrial accidents, with the sole exception of the specialized care imposed by section 2907, that provided by section 2917 being at the expense of the doctor or hospital "contracting to furnish hospital facilities." No industrial accident is here involved; and if it were, the employer's liability was expressly removed by the Workmen's Compensation Act (sec. 2917), since a hospital contract was made by the employer and accepted by the employee.

Plaintiff's argument is in effect this: (1) Section 2917 imposes a liability for treatment for the employee's industrial accident unless the employee is under hospital contract as provided in section 2907; (2) section 2907 provides that the hospital contract must cover not only industrial accidents, but also "sickness contracted during the employment"; (3) therefore, by executing the hospital contract the employer becomes personally liable for treatment for both industrial accidents and sickness. That is not only a *non sequitur,* but is equivalent to the argument that the employer escapes the liability for treatment for one class of cases by accepting liability for treatment for that class and a larger one in addition. But he does not escape the statutory liability for treatment by assuming a more inclusive liability; he escapes it by providing a hospital contract by which the contracting hospital or doctor assumes the more inclusive liability.

A hospital contract made for the coverage of all employees electing to come within it is a contract for the benefit of

third persons, and by his acceptance thereof plaintiff became entitled to enforce it (sec. 7472) in accordance with its terms. If the contracting physician had failed or refused to furnish the agreed adequate and proper care, of which there is no claim, plaintiff as such third person would have his remedy against the doctor. If the defendant had failed to pay over to the physician plaintiff's deducted monthly assessments, of which there is no claim, plaintiff as such third person would have his remedy to compel the defendant to carry out its part of the agreement. But we have been able to find no authority, statutory or otherwise, and plaintiff has referred us to none, by which any part of the physician's duty to furnish medical or other care under the contract passed to the defendant in any event, or that it was obligated by any law or contract to furnish medical or other care to plaintiff for illness occurring during the employment.

The judgment is affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.